UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVEN WAYNE HAUN,

      Petitioner,

v.                                                              Case No. 5:21cv220-TKW-HTC

EDDIE JONES, WARDEN of
 JEFFERSON CORRECTIONAL INSTITUTION
 FLORIDA DEPARTMENT OF CORRECTIONS,

      Respondent.

_____/

ORDER AND
REPORT AND RECOMMENDATION

Petitioner, Steven Wayne Haun ("Petitioner" or "Haun"), initiated this matter by filing a petition under 28 U.S.C. § 2241 (docketed on November 22, 2021), raising two (2) grounds for relief. ECF Doc. 1. In Ground One, Haun challenges a federal detainer in case 5:09-cr-8, based on a sentence imposed for violation of probation, as unlawful. Haun claims the federal sentence expired on May 21, 2010 because he was in primary federal custody from May 21, 2008 to May 21, 2010. In Ground Two, Haun challenges a state court judgment and sentence in case number 02-2733 issued by the Fourteenth Judicial Circuit Court in and for Bay County for the State's refusal to render a written sentence. *Id.* The matter was referred to the

undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

Under Rules Governing § 2254 Cases, Rule 4, the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." If the petition is not dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id*.

The undersigned has screened the Petition and concludes that service is appropriate on the Warden of FCI Tallahassee, the federal officer who has custody over Petitioner, and thus, the proper respondent for Petitioner's challenge to the federal detainer.[1] *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 cases); *Duran v. Johns*, 2017 WL 4158640, at *7 (S.D. Ga. Sept. 19, 2017), *report and recommendation adopted*, 2017

---

[1] Although the Court finds Ground One sufficient to be served, the Court makes no determination regarding whether Petitioner has exhausted this claim for relief or whether Petitioner is mistaken that he was actually in primary federal custody from May 21, 2008 to May 21, 2010, thus completing his 24-month federal sentence. The Court notes, for example, a petitioner cannot exhaust federal remedies when he is in primary state custody. *See Johnson v. Wise,* 2010 WL 3306920 (S.D. Ala. July 13, 2010), *report and recommendation adopted,* 2010 WL 3306931 (S.D. Ala. Aug. 19, 2010) ("In other words, Johnson is entitled to exhaust his administrative remedies only once he actually commences his federal sentence and since his federal sentence has not yet commenced he will only be able to properly exhaust those remedies when he commences his federal sentence.").

WL 5202808 (S.D. Ga. Nov. 9, 2017) ("The only proper respondent in this Section 2241 action is the inmate's immediate custodian—the warden of the facility where the inmate is confined.") (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)).

The undersigned finds, however, that Petitioner is not entitled to relief on the state court judgment because he is no longer in state custody. Thus, as discussed more fully below, the undersigned recommends Ground Two be DISMISSED.

## I.      BACKGROUND

On March 12, 2002, Petitioner was arrested for Lewd and Lascivious Exhibition in Presence of a Child in Bay County Florida Case No. 02-0441-CFMA. On September 24, 2004, he was also arrested for Failure of Sex Offender to Properly Register in Case No. 02-2733-CFMA.

On October 8, 2002, instead of appearing for a hearing in those cases, "defendant devised a scheme to fake his disappearance/death in an attempt to avoid his pending state criminal charges." Indictment, 5:06-cr-00018-RS (N.D. Fla. February 22, 2006). The scheme involved pretending to be lost at sea, which resulted in the Coast Guard being called out to search the area. *United States v. Haun*, 494 F.3d 1006, 1007–08 (11th Cir. 2007). Haun was not found during the search, and, eventually, an officer with the Indiana State Police found Haun in a sleeper berth of an eighteen-wheeler in an excavation lot in Indianapolis. Authorities arrested Haun on October 25, 2002, and he was returned to Florida. *Id.*

On September 5, 2003, Haun entered a plea of no contest to the offense and was sentenced as follows: four (4) years in prison followed by eleven years of probation and designation as a sexual predator in Case No. 02-0441-CFMA and five (5) years of probation in Case No. 02-2733-CFMA, to run consecutive to the period of incarceration imposed in Case No. 02-0441-CFMA. As Haun's state custody release date was approaching, federal authorities indicted him for making "false distress" calls during his fake disappearance scam. *See* Indictment, ECF Doc. 1, 5:06-cr-00018-RS (N.D. Fla. February 22, 2006) (charging violation of 14 U.S.C. § 88 and 18 U.S.C. § 7 for "caus[ing] the Coast Guard to attempt to save his life when no help was needed.").

On March 4, 2006, The Defendant was released from custody of the Florida Department of Corrections ("FDOC") and was set to begin a term of eleven (11) years of probation. However, because of the arrest warrant issued in federal case number 5:06-cr-00018-RS, on or about March 7, 2006, Haun was released from FDOC into the custody of the United States Marshal's Service ("USMS").

On August 18, 2006, Haun was sentenced in case number 5:06-cr-00018-RS to 24 months' imprisonment and three (3) years supervised release. *Id.*, ECF Doc. 45. Haun served that sentence, and, on November 26, 2007, was released from federal custody. His supervised release jurisdiction was transferred to Indiana in January 2008. *Id.*, ECF Doc. 73.

On May 21, 2008, while on supervised release, Haun was arrested by federal authorities in Indiana for two new law violations: (1) Stealing Personal Identifying Information from the Trunk of a National Guardsman and (2) selling Vicodin to an Individual. VOP Petition, ECF Doc. 2, 5:09-cr-00008-RS (N.D. Fla. Feb. 20, 2009). These new offenses violated the terms of Haun's state probation and federal supervised release. On November 17, 2008, back in Bay County, Florida, Haun admitted to the violations and his state probation was revoked. The state court sentenced Haun to twenty (20) years in state prison: fifteen (15) years in case number 02-0441 and five (5) years in case number 02-2773, to be served consecutively to the period of incarceration in case number 02-0441.

On January 27, 2009, Haun's federal supervised release was transferred back to the Northern District of Florida, and violation proceedings were initiated in case number 5:09-cr-00008-RS. (Order of transfer at ECF Doc. 1 and VOP petition at ECF Doc. 2). The federal violation petition also included the violation of lying to federal investigators. *Id.* Because Haun was in State custody, on April 8, 2009, the federal court issued a writ of habeas corpus *ad prosequendum* to compel Haun's appearance in federal court for violation of supervised release proceedings. ECF Doc. 8. On May 27, 2009, Haun was found guilty of all three violations and "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 MONTHS" to run consecutively with any term of state

imprisonment.  Am. Judgment, ECF Doc. 27, 5:09-cr-00008-RS (N.D. Fla. June 19, 2009).

Haun filed the instant action on November 18, 2022.  At that time, he was an inmate of the Florida Department of Corrections ("FDOC") housed at Jefferson Correctional Institution, and serving the final month of a 20-year state sentence imposed in Case No. 02-2733.  ECF Doc. 1.  During the pendency of this action, on December 27, 2021, Haun was released from FDOC custody and placed in federal custody to serve a violation of probation sentence imposed in Case No. 5:09-cr-00008-RS.  Thus, Haun is currently incarcerated by the Federal Bureau of Prisons ("BOP") and housed at Tallahassee Federal Correctional Institution.  Haun argues, however, in Ground One, that the detainer should never have been lodged because he was in primary federal custody from May 21, 2008, when he was arrested, to May 21, 2010, and thus has completed his 24 month federal sentence.  ECF Doc. 1 at 7.

## II.   DISCUSSION – DISMISSAL OF GROUND TWO

In Ground Two, Petitioner argues the five (5) years he received in case number 02-2773 for violating his state probation in that case is not valid because the state court failed to render a written sentencing order in that case.  ECF Doc. 1 at 7.

As an initial matter, although Petitioner files this petition under § 2241, the undersigned notes that Ground Two should have been filed as a petition under 28 U.S.C. § 2254 because Petitioner challenges the validity of the state sentence, rather

than the manner in which it is being executed. *See, e.g., Hales v. Jones*, 2017 WL 6558399, at *3 (S.D. Fla. July 7, 2017), *report and recommendation adopted*, 2017 WL 6558400 (S.D. Fla. Sept. 28, 2017) ("Because the Petitioner seeks to attack not the execution of his sentence, but the constitutionality of his conviction, the instant petition is more properly construed as a federal habeas petition under § 2254 rather than § 2241.").[2] Regardless, Ground Two should be dismissed because Petitioner is no longer in custody on the sentence he challenges.

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody pursuant to the judgment of a State court." *Unger v. Moore,* 258 F.3d 1260, 1263 (11th Cir. 2001) (quoting 28 U.S.C. § 2254). In *Maleng v. Cook*, 490 U.S. 488, 491–92 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition. As noted above, the state sentence that Petitioner is challenging expired on December 27, 2021, and Petitioner was released from state custody. Therefore, he does not meet the in-custody requirement of 28 U.S.C. § 2254, and this Court lacks subject matter jurisdiction over Ground Two.

---

[2] Also, because the claim is one that falls under § 2254, the respondent should have been the Secretary of the FDOC, rather than the Warden of Jefferson CI. When a petitioner is incarcerated in a Florida Department of Corrections facility and challenges his present physical confinement, "the proper respondent is the Secretary of the Florida Department of Corrections." *Diaz v. Sec'y*, DOC, 2020 WL 708128, at *1 (M.D. Fla. Feb. 12, 2020) (citing *Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004)).

Moreover, Ground Two should be dismissed without an evidentiary hearing. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Because dismissal is based on Petitioner's release from custody, Ground Two can be resolved without an evidentiary hearing. *See id.*

## III.   CONCLUSION

Although the undersigned finds Ground One is sufficient to be served, it is Petitioner's obligation to provide the requisite service copies to the Court. Thus, Petitioner must provide three (3) copies of the petition to the clerk: one for the Respondent Warden, one for the United States Attorney for the Northern District of Florida and one for the Attorney General of the United States. The service copies must be identical to each other and to the petition. Alternatively, the Court can copy the petition for Petitioner, but the Court cannot pay for these copies for Petitioner. Instead, for the clerk to make copies of the petition, Petitioner must submit payment in the amount of $.50 per page for each copy, prepaid, to the Clerk.

Also, the Clerk will be directed to add the Warden of FCI Tallahassee as a respondent to this action.

Accordingly, it is ORDERED:

1.      The clerk shall add the Warden of FCI Tallahassee as a Respondent.

2.      Within **thirty (30) days** from the date of this order, Petitioner shall provide the Court with either:  three (3) identical service copies of the petition, or payment in the amount of $.50 per page to the clerk for the cost of copying the petition three times.

3.      Petitioner's failure to timely comply with this order may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court.

It is further RESPECTFULLY RECOMMENDED,

1.      Ground Two of the petition be DISMISSED without an evidentiary hearing.

2.      The clerk be directed to terminate the Warden of Jefferson Correctional Institute as a Defendant.

3.      This case be returned to the Magistrate Judge for further proceedings.

DONE AND ORDERED this 12th day of January, 2022.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.