UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVEN WAYNE HAUN,

    Petitioner,

v.                                        Case No. 5:21cv220-TKW-HTC

WARDEN OF FCI TALLAHASSEE,

    Respondent.

_____/

REPORT AND RECOMMENDATION

Petitioner, Steven Wayne Haun, proceeding *pro se*, filed a petition under 28 U.S.C. § 2241, challenging the Bureau of Prisons' refusal to award 24-months credit towards his federal sentence for time spent in custody prior to federal sentencing. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).[1] As discussed below, the Bureau of Prisons has granted the relief sought by Petitioner. Also, the undersigned gave Petitioner an opportunity to show cause why the petition is not moot, and he has not done so. Petitioner has also not updated the

---

[1] Petitioner also raised a second ground, challenging the charging document in his state case, but the Court dismissed that claim finding Petitioner was not entitled to relief on the state court judgment because he was no longer in state custody. *See* ECF Doc. 8, Order adopting Report and Recommendation at ECF Doc. 6.

Court with his new address. Thus, the undersigned recommends the petition be denied without an evidentiary hearing as MOOT.

Ground One of the Petition challenged the manner in which his federal sentence and time-served were being calculated, arguing that he should be given jail credit from May 21, 2008, when he was arrested by federal authorities, through May 26, 2009, the day before his federal sentencing. ECF Doc. 1 at 6-7. The Court served a copy of the petition on the Respondent and directed Respondent to file a response to Ground One. ECF Doc. 11.

On February 22, 2022, Respondent filed a "Notice of Inmate Release from Custody", ECF Doc. 13, stating that the Federal Bureau of Prisons had re-calculated Petitioner's sentence in the manner requested by Petitioner and determined Petitioner's federal sentence expired on February 1, 2010. ECF Doc. 13-1 at 3. Thus, according to Respondent, Petitioner was released from custody on February 18, 2022. *Id.*

Because Petitioner challenges only his sentence and seeks "an order that removes the detainer placed upon Petitioner by the United States Marshals Service", his release from custody renders the petition MOOT. *Lane v. Williams,* 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *see also Wykoff v. Woods*, Case 2:19-cv-72-WHA, 2021 WL 537245, at *2 (M.D.

Ala. Jan. 21, 2021) ("Because a habeas petition challenges prison officials' authority to keep a prisoner in custody, in general, the petitioner's release moots a habeas petition."), *report and recommendation adopted*, 2021 WL 521303 (M.D. Ala. Feb. 11, 2021) (citing *Lane*, 455 U.S. at 632)).

Additionally, even if the petition were not moot, it would be subject to dismissal or Petitioner's failure to notify the Court of his current address and to prosecute this action. A trial court has inherent power to dismiss a case sua sponte for failure to prosecute or failure to comply with a court order. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962); *Foudy v. Indian River County Sheriff's Office*, 845 F. 3d 1117, 1126 (11th Cir. 2017). Federal Rule of Civil Procedure 41(b) also authorizes a district court to dismiss an action for failure to obey a court order. *See Moon v. Newsome*, 863 F. 2d 835, 838 (11th Cir. 1989).

A court does not err by *sua sponte* dismissing a habeas case as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing a plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond") (quotation marks omitted).

Both the Show Cause order and this Report and Recommendation provide Petitioner opportunities to object and, thus, affords Petitioner both notice and a

reasonable opportunity to respond. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (petitioner was "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely") (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2241 be dismissed as moot and for failure to prosecute.

2. That the clerk be directed to close the file.

Done in Pensacola, Florida, this 11th day of March, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.